**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MONTGOMERY CARL AKERS,**
**No. 02866-081,**

**Petitioner,**

   **vs.**        **Case No. 14-cv-1330-DRH**

**JEFFREY S. WALTON,**

**Respondent.**

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

 Petitioner, currently incarcerated in the USP Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence with respect to the payment of restitution.

 In his most recent criminal conviction, Petitioner pled guilty to one count of wire fraud in the United States District Court of Kansas. (*United States v. Akers*, Case No. 04-cr-20089 (D. Kan.))  Notably, petitioner committed this financial crime while he was incarcerated at the USP-Leavenworth, serving a sentence imposed by the District of Colorado.  As a result, the Kansas court directed the Bureau of Prisons ("BOP") to place certain limits on petitioner's communications in order to prevent him from engaging in further fraud while incarcerated (Doc. 216 in Case No. 04-cr-20089).

 The Kansas court sentenced petitioner in November 2006 to 327 months imprisonment, to be followed by five years of supervised release.  His sentence

included an assessment of $100.00, and restitution in the amount of $42,236.77 to be paid to two financial institutions. *Id*. The judgment specified that payment was to begin immediately. Specifically, petitioner was ordered to make restitution payments during his incarceration of "not less than 10% of the funds deposited each month into the inmate's trust fund account[.]" *Id*. Following his release from prison, he was ordered to pay monthly installments of not less than 5% of his monthly gross household income, commencing 30 days after his release, to continue for five years. *Id*.

In the earlier Colorado case, *United States v. Akers*, Case No. 96-cr-13 (D. Colo.), petitioner was convicted on Counts 1-12 and 14-15 for bank fraud; Count 16 for forged/counterfeit security, and Count 17 for failure to appear. He was sentenced to serve 63 months on the bank fraud and security counts, followed by a consecutive sentence of 42 months on Count 17. Restitution was ordered in the amount of $25,650.41 to the bank, with $300/month payments to commence the month following his release (Case No. 96-cr-13, electronic docket sheet).

In the instant petition, Akers challenges the respondent's administration of the Inmate Financial Responsibility Program ("IFRP").[1] He claims that Marion officials are preventing him from making restitution payments, "by denying me access to my finances without any penological reason, BOP Policy, Rules, or Regulations." (Doc. 1, p. 2). Further, he asserts that funds taken by prison

---

[1] The IFRP was created in order to collect payments from federal inmates toward their court-ordered fines and/or restitution. See 18 U.S.C. § 3612(c); 18 U.S.C. § 4-42(a)(1); 28 C.F.R. § 545.11.

officials from his inmate account are not being applied to his debts to the courts.[2] As relief, he seeks an order directing respondent to allow him "to access funds of his lawful ownership in order to make a one time lump sum payment of restitution as ordered by the Court" in his Kansas and Colorado cases, and to provide him with an accounting of where the funds taken from his prisoner account have been applied (Doc. 1, p. 8).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.   After carefully

---

[2] In addition to the restitution and criminal penalties owed by petitioner, he has accumulated substantial unpaid civil filing fees payable to this Court. His failure to pay his filing fees resulted in the imposition of a filing ban against him by the Seventh Circuit on April 24, 2012. *Akers v. Roal, et al.*, Appeal No. 11-3268, Doc. 14. This court likewise imposed a filing ban on August 13, 2012, at which time he owed a total of $805.00 to this Court. *Akers v. Roal, et al.*, Case No. 11-cv-622-MJR (Doc. 38). The filing ban did not apply to habeas cases. No payments have been received from petitioner since the entry of the filing ban orders.

Moreover, petitioner has accumulated an additional $470.00 in unpaid fees owed to this Court from the following habeas corpus cases: *Akers v. Roal-Werner*, Case No. 12-cv-1037-DRH ($460.00, consisting of the $5.00 district court fee and the $455.00 appellate filing fee); *Akers v. Walton*, Case No. 13-cv-375-DRH ($5.00 district court fee); and *Akers v. Walton*, Case No. 13-cv-1090-DRH ($5.00 district court fee). A review of the Court's records also reveals that petitioner owes another $455.00 appellate filing fee for an older case, *Akers v. Hollingsworth*, Case No. 11-cv-103-DRH (the district court filing fee was waived). Finally, he owes another $5.00 for filing the instant case, because his motion to proceed *in forma pauperis* was denied (Doc. 4). He therefore owes a grand total of $1,735.00 in unpaid filing fees to this Court.

reviewing the petition, the Court concludes that this action is subject to dismissal.

**<u>Discussion</u>**

This is not the first time petitioner has brought an action in this Court pursuant to § 2241 in reference to his criminal restitution orders.   On October 21, 2013, he filed a petition seeking an injunction to prevent the Federal Bureau of Prisons ("BOP") from "regulating his personal finances" in order to make him pay restitution.   *Akers v. Walton*, Case No. 13-cv-1090-DRH, Doc. 4).   That action was dismissed on the merits with prejudice on November 18, 2013.   As noted in that order, the terms of the Judgment and Commitment Order in the Kansas case specifically required petitioner to make payments toward his restitution during his imprisonment, as well as during his supervised release.   Furthermore, the Court has no authority to override the BOP's discretionary implementation of the IFRP.   *See In Re: Buddhi,* 658 F.3d 740, 741-42 (7th Cir. 2011).   For both these reasons, this Court could not prohibit the prison from deducting restitution payments from petitioner's inmate account.

Now, petitioner has done an about-face.   Instead of seeking to avoid his restitution payments, he wishes to be permitted to access financial assets he claims to hold outside the prison walls, in order to pay restitution.   As a related but separate matter, he wants the prison to explain how the payments that have been deducted from his inmate account have been applied toward his financial obligations.

Admirable as petitioner's intentions may be to pay off his sizeable

restitution in one lump sum, neither sentencing court required him to do so.  As long as he remains in prison, he must pay only 10% of his monthly income toward restitution.   Further payments are deferred until after his release. Therefore, it is not necessary for this Court to order the respondent to take any action whatsoever in order for petitioner to comply with the sentencing courts' restitution orders.   Furthermore, it is frivolous for petitioner to suggest that prison officials are "preventing" him from paying his court-ordered restitution, when in fact he is under no requirement at this time to pay anything more than the 10% assessment from his prisoner account.

Addressing the second issue, petitioner's request for an accounting regarding any payments made pursuant to his participation in the IFRP is not a matter subject to this Court's oversight.  The Seventh Circuit has made it clear that district courts have no authority to interfere with the BOP's discretion in its administration of the IFRP.   *See In Re: Buddhi,* 658 F.3d 740, 741 (7th Cir. 2011).  This should come as no surprise to petitioner, as this Court informed him of its inability to override the BOP's discretion as to the IFRP program, in the order dismissing his last habeas petition.  *Akers v. Walton*, Case No. 13-cv-1090-DRH (Doc. 4).

The Attorney General, not the courts, is responsible for the collection of court-ordered restitution, and this authority has been delegated to the BOP.  This delegation of authority is proper, and "the courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate

particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side)." *Buddhi*, 658 F.3d at 741 (internal quotations and citations omitted). It would thus be improper for this Court to insert itself into the respondent's management of the IFRP by ordering an accounting of the disposition of petitioner's payments made under that program. The petition shall therefore be dismissed.

Presumably, petitioner may obtain a list of transactions from his inmate account by requesting information from the prison's trust fund officer. If funds have been forwarded to the court in either Kansas or Colorado, petitioner may also seek information from the appropriate clerk as to the status of his obligations and any payments. This Court can only confirm that it has received no payments toward any of the fees petitioner owes here.

**Pending Motion for Reconsideration of the Denial of IFP Status (Doc. 5)**

While the habeas petition was under review, petitioner filed a motion challenging the Court's order of December 19, 2014 (Doc. 4), which denied his motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2). The Court declined to grant him pauper status because the trust fund account records he submitted showed that over the six months preceding the filing of this case, petitioner had received $119.77 in deposits (Doc. 2, p. 4). Based on that information, the Court reasoned that petitioner was not indigent and was not entitled to a waiver of the $5.00 filing fee. He was ordered to pay the fee within 30 days.

Petitioner seeks reconsideration of the payment order, arguing that all the deposits to his prison account have been encumbered and used to satisfy his debts to the courts and the prison (Doc. 5, p. 1). Because of that encumbrance, he does not have access to his funds and cannot use them to pay the filing fee for this action.

Petitioner's claimed lack of control over the disposition of his funds may indeed affect his ability to pay the filing fee within the deadline set by the Court. However, his argument, particularly in light of the relief he seeks in the instant habeas petition, does not persuade the Court that he is indigent. Clearly, there are sufficient funds in petitioner's prison account to pay his filing fee, if only they were to be applied to that obligation. Petitioner's assertion in the original IFP motion that his assets include proceeds from the sale of intellectual property (albeit an unknown amount) provides further support for the conclusion that he is not impoverished (Doc. 2, p. 2). Because petitioner has funds and other assets sufficient to pay the filing fee for this case, he does not qualify for a waiver of the fee, and this portion of the Court's order at Doc. 4 shall not be disturbed.

However, in light of petitioner's claim that he cannot force prison authorities to release the encumbrance on his prison account in order to pay the filing fee, his motion (Doc. 5) is **GRANTED IN PART.** The 30-day deadline for payment of the $5.00 filing fee for this case is lifted. However, he still owes the fee, and the order at Doc. 4 remains in force in all other respects. The $5.00 fee for this case shall be added to the total debt which petitioner owes to this Court

(see footnote 2 above).

**Sanctions**

Petitioner's desire to have unfettered access to his alleged financial resources outside the prison walls has been a recurring theme in two of his previous actions in this Court,[3] as well as in a number of motions in his other cases.  This is his second petition complaining about the prison's handling of his restitution obligations.[4]  Additionally, he brought two meritless challenges to his conviction under § 2241.[5]  This is now his fourth habeas petition since he was banned by this Court from filing any new non-habeas civil cases.  Petitioner has taken up an inordinate share of this Court's limited resources with his repeated filings, and the instant action, as noted above, is completely frivolous and without merit.  Accordingly, the Court finds it appropriate to impose the following restriction, in addition to the filing ban which was previously ordered in Case No. 11-cv-622.

**IT IS ORDERED that all papers filed in a collateral attack or habeas action by petitioner Montgomery Carl Akers, Inmate No. 02866-081, will be received and reviewed by this Court, but shall be deemed DENIED after thirty days, unless the Court orders otherwise.** *See Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (holding that courts have inherent powers to protect themselves from vexatious litigation)).  Akers shall incur a filing fee for any such new case he may

[3] Case Nos. 11-cv-103-DRH and 11-cv-622-MJR.
[4] The first was Case No. 13-cv-1090-DRH.
[5] Case Nos. 12-cv-1037-DRH and 13-cv-375-DRH.

file.  **Should Akers continue to file frivolous actions, the Court shall consider imposing a fine in addition to this filing restriction.**

Exempt from this filing restriction are a notice of appeal in this case (which shall result in the imposition of a $505.00 filing fee) and any papers sought to be filed by petitioner in a civil or criminal case in which he is a party defendant.  *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)).  In accordance with this precedent, petitioner may apply for modification or rescission of this order not sooner than two years from the date of its entry, assuming that he fails to pay the balance of the fees owed to this Court (which now stand at $1,735.00) within that two years.  Any papers submitted to the Court by petitioner while this filing restriction is in place shall be accompanied by a copy of this order.

**<u>Disposition</u>**

For the reasons discussed above, the petition is summarily **DISMISSED** on the merits with prejudice.

If petitioner wishes to appeal this order of dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the

outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons*

*v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857,

858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A

timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the

30-day appeal deadline.[6]  It is not necessary for petitioner to obtain a certificate of

appealability from this disposition of his § 2241 petition.  *Walker v. O'Brien*, 216

F.3d 626, 638 (7th Cir. 2000).

    The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

    **IT IS SO ORDERED.**

    **Dated: January 20, 2015**

Digitally signed by
David R. Herndon
Date: 2015.01.20
13:13:59 -06'00'

**United States District Judge**

---

[6] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days
after the entry of the judgment.  FED. R. CIV. P. 59(e).